**Laabs v. Four Star Contracting, Inc.**

*Brian J. Walsh*, for plaintiffs.
*John T. McGrath*, for defendants.

MINORA, *J.*, April 23, 2013—

## INTRODUCTION

At issue are defendants' preliminary objections as to improper venue. The preliminary objections are overruled.

## FACTUAL SUMMARY

This case stems from a motor vehicle accident that occurred on June 2, 2010 on Route 590 in Lake Ariel, Wayne County, Pennsylvania. Plaintiff, Deborah Laabs ("plaintiff"), was stopped in traffic when defendant Sorayda Busillo crashed into plaintiff's vehicle without warning. Plaintiff sustained serious and permanent injuries from the crash. At the time of the accident, Busillo was operating a vehicle registered to and owned by defendant, Four Star Contracting, Inc., a general contracting company with a registered Pennsylvania address at 361 The Hideout, Lake Ariel, Wayne County, Pennsylvania 18436. Plaintiffs live at 425 Mountain Spring Avenue, Hawley, Pike County, Pennsylvania, 18428. Defendant Busillo's home is in The Hideout. D.T. 5/9/12 (Busillo dep.) at 15 (Q: Am I correct in saying that when you say it's [Four Star Contracting, Inc.] in The Hideout, is it run out of your home? A: I own a home in there, yes.). Hereinafter, when referenced together, Four Star Contacting, Inc. and Busillo will be referred to as "defendants." The alleged basis for defendants' preliminary objections is that none of the parties live in Lackawanna County and that the accident itself did not occur there.

Defendant Busillo worked for Four Star Contracting, Inc. for nine (9) years and was employed by the company

as a secretary. Busillo dep. at pp. 2, 6 & 15. Busillo was deposed by plaintiffs' counsel on May 9, 2012 and asked about Four Star Contracting's ties to Lackawanna County. *Id.* Busillo, in answering counsel, testified:

Q: I see that you advertise in Lackawanna County and through various . . .

A: Well, we do, Lowe's installs for roofing and siding, they sub us out, so we just do roofs and siding over in Lackawanna, but we don't really get too many jobs.

Q: So you have an agreement with Lowe's that if someone comes in and buys roofing material and needs a roofer —

A: Right, we sub them out.

Q: — then Lowe's would contact your company?

A: Us, yes.

Q: Would your company actually do the work, or would you then sub the work out?

A: We sub it out.

Q: Sort of the middleman.

A: Yep.

Q: Okay. That contract you said is with Lowe's. Do you have any other contracts with any other entities or individuals that would provide work in Lackawanna County for you?

A: No.

*See* Busillo dep. at p.16-17; plaintiff's supplemental brief

in response to defendants' preliminary objections, exhibit A (Feb. 6, 2013).

Plaintiff's counsel subpoenaed Four Star Contracting, Inc.'s records from Lowe's. *See* plaintiff's supplemental brief in response to defendants' preliminary objections and exhibit B, Lowe's records from 2006-2012. The records from Lowe's show that Four Star Contracting, Inc. performed nearly eight hundred thousand dollars ($800,000) worth of business with Lowe's from 2006 through 2012. Out of that, thirty-seven percent (37%) or $299, 157.58 is related to Lackawanna County work. *Id.*[1] Busillo's response in her deposition at p. 16 stating "we don't really get too many jobs over there [Lackawanna County]" seems at best disingenuous and at worst an outright fabrication. Defendants have chosen not to provide this Honorable Court with any materials indicating any amount of business defendant performed in Lackawanna County or elsewhere. Defendants have had ample opportunity to secure this information because this court has ordered a delayed decision on this preliminary objection as to improper venue on four occasions, during a period of over a one year, due to stipulations of counsel seeking further discovery.[2]

---

1. Plaintiff's supplemental brief in response to defendant's preliminary objections (Feb. 6, 2013) states in n.1 that in the Lowe's records attached as exhibit B, store #242 represent defendant's business with Lowe's Scranton store and store #652 represents Lowe's Wilkes-Barre, PA store.

2. Court order Indicating that decision on defendant's preliminary objections is stayed until further discovery is completed, No. 2011-CV-5073, (Minora, J.) (Jan. 27, 2011); order indicating that decision on defendant's preliminary objections is delayed until after deposition of defendant's Busillo, No. 2011 — CV-5073, (Minora, J.) (Apr. 18, 2011); order that the court will not make a decision on defendant's preliminary objections until the court receives information from counsel, No. 2011-CV-5073, (Minora, J.) (June 6, 2011); order that the court receives information from counsel, No. 2011-CV-5073, (Minora, J.) (June 6,

## PROCEDURAL SUMMARY

On October 6, 2011, defendants filed preliminary objections alleging improper venue. Plaintiffs submitted their response and memorandum of law in support of their response to the preliminary objections on January 6, 2012. On February 6, 2013, plaintiffs filed a supplemental brief in support of their preliminary objections.

## LEGAL ARGUMENT OF THE PARTIES

Plaintiff's Argument

Venue is proper in Lackawanna County because defendants have regularly solicited and transacted business, and carried on a continuous and systematic part of their business in Lackawanna County, through its business contract with Lowe's of Scranton. Defendants' preliminary objection to transfer venue should be denied.

Defendants' Argument

Venue in Lackawanna County is improper because defendants place of business is in Wayne County, the car accident occurred in Wayne County, and plaintiff resides in Pike County. The amount of business that defendant does in Lackawanna County is too little to meet the "regularly conducts business" standard under Pa.R.C.P. 2179(a)(2) and Pa.R.C.P. 1006(c)(1).

## LEGAL STANDARD

To transfer venue because it is improper, one must raise a preliminary objection. *Kubik v. Route 252, Inc.*, 762 A.2d 1119 (Pa. Super. 2000) (citing Pa.R.C.P. 1028(a)(1)).

---

2011); order that the court will not make a decision on defendant's preliminary objections until the parties complete further discovery, No. 2011-CV-5073, (Minora, J.) (Nov. 27, 2012).

Plaintiff's Choice of Forum

"Defendants bear the burden of supporting their objection to venue by pleading facts which provide an adequate legal basis for sustaining the objection." *Rogers v. Thomas*, 2012 WL 2603107, at \*7 (Trial order) (June 20, 2012) (citing *Nutrition Mgmt. Servs. Co. v. Hinchcliff*, 926 A.2d 531, 535 (Pa. Super. 2007); *Del. Valley Underwriting Agency, Inc. v. Williams & Sapp, Inc.*, 359 Pa. Super. 368, 374, 518 A.2d 1280, 1283 (1986)). A plaintiff generally is given the choice of forum so long as personal and subject matter jurisdiction are satisfied. *Purcell v. Bryn Mawr Hosp.*, 525 Pa. 237, 243, 579 A.2d 1282, 1284 (1990); *Zampana-Barry v. Donaghue*, 2007 Pa. Super. 60, 921 A.2d 500 (2007) *app. denied*, 596 Pa. 709, 940 A.2d 366 (2007). "Plaintiff's choice forum is accorded less deference when plaintiff does not live in the forum district and none of the operative events occurred there." *Feltoon v. Nolen*, 2002 WL 31474535 (Phila. Co. Nov. 1, 2002) (citing *Int'l. Mills Servs., Inc. v. Allegheny Ludlum Corp.*, 2002 WL 748896, at \*2 (Phila. Co. April 11, 2002).

Trial Court Discretion as to Venue

The trial court has discretion to determine whether a transfer of venue is appropriate. *Feltoon*, 2002 WL 31474535; *Gilford v. Altman*, 770 A.2d 341, 343 (Pa. Super. 2001); *Purcell*, 525 Pa. at 242, 579 A.2d at 1284. The standard of review is abuse of discretion. *Zampana-Barry*, 921 A.2d at 503; *Schultz v. MMI Products, Inc.*, 30 A.3d 1224 at ¶ 6 (Pa. Super. 2011); *Stier v. Bensalem Racing Ass'n, Inc.*, 2012 WL 6051000, at \*1 (Pa. Com. Pl. Mar. 29, 2012); *Purcell*, 525 Pa. at 242, 579 A.2d at 1284. A court abuses its discretion when it transfers venue at a defendant's request without requiring the defendant to present evidence in support of the petition. *See Korn*

*v. Marvin Fives Food Equip. Corp.*, 362 Pa. Super. 559, 524 A.2d 1380 (1987) ("[D]efendant has the burden in asserting a challenge to the plaintiff's choice of venue."); *See also Stier*, 2012 WL 6051000, at *1; *Wimble v. Casino*, 2011 WL 2518385, at *1 (Trial order) (Phila. Co. May 25, 2011); *Feltoon*, WL 31474535, at *1 (internal citations omitted).

## LEGAL ANALYSIS

Venue in this Case

In the present case, because plaintiff's complaint alleges liability against both defendant Busillo and defendant Four Star Contracting, Inc., Pa.R.C.P. 1006(c) (1) applies. Pennsylvania Rule of Civil Procedure 1006(c)(1) sets forth the general venue rule for actions claiming joint liability against two or more defendants.[3] [A]n action to enforce a joint or joint and several liability against two or more defendants, except actions in which the Commonwealth is a party defendant, may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of subdivisions (a) or (b)." Pa.R.C.P. 1006(c)

---

3. *Feltoon v. Nolen*, 2002 WL 31474535 (Rule 1006 of the Pennsylvania Rules of Civil Procedure states: (a) Except as otherwise provided by Subdivision (b) and (c) of this rule, an action against an individual may be brought in and only in a county in which the individual may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law.) (b) Actions against the following defendant, except as otherwise provided in Subdivision (c), may be brought in and only in the counties designated by the following rules . . . corporations and similar entities. Rule 2179; (c) An action to enforce a joint or joint and several liability against two or more defendants, except in which the Commonwealth is a party defendant, may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of Subdivisions (a) or (b)).

(1). *Rogers*, 2012 WL 2603107, at \*8 (citing *Gilford*, 770 A.2d at 344; *Shala v. Ryan*, 53 D. & C. 4th 129, 135 (Lacka. Co. 2001)). Additionally, since Defendant Four Star Contracting, Inc. is a corporation, we apply Pa.R.C.P. 2179 to determine whether plaintiff's choice of forum is appropriate. The rule states:

> (a) Except as otherwise provided by an Act of Assembly or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in
>
> (1) the county where its registered office or principal place of business is located:
>
> (2) *a county where it regularly conducts business*;
>
> (3) the county where the cause of action arose; or
>
> (4) a county where a transaction or occurrence took place out of which the cause of action arose.

Pa.R.C.P. 2179 (emphasis added); *Zampana-Barry*, 921 A.2d at 502, ¶ 5; *Feltoon*, 2002 WL 31474535, at \*3; *Stier*, 2012 WL 6051000, at \*2.

Defendants' preliminary objection as to improper venue is centered around whether Four Star Contracting, Inc. regularly conducts business in Lackawanna County. Under Pa.R.C.P. 2179(a)(2), whether a corporation regularly conducts business in a county is an issue of fact.[4] *Rogers*, 2012 WL 2603107, at \*8; *Schultz*, 30

---

4. If an issue of fact is raised by preliminary objections and the plaintiff's response to those objections, "[t]he trial court may not reach a determination based upon its view of the controverted facts, but must resolve the dispute by receiving evidence thereon through interrogatories, depositions, or an evidentiary hearing." *Rogers v. Thomas*, 2012 WL 2603107 (Ct. Com. Pl. June 20, 2012) (internal citations omitted). If the

A.3d at 1227; *Feltoon*, 2002 WL 31474535, at \*3; *Petty v. Hosp. Serv. Ass'n of Ne. Pennsylvania*, 967 A.2d 439, 444 (Lacka. Co. Feb. 19, 2009), *aff'd*, 23 A.3d 1004 (Pa. 2011). *Zampana-Barry*, 921 A.2d at 504, ¶ 10. A plaintiff may bring her action in any county where one corporate defendant regularly conducts business notwithstanding that a co-defendant resides in another county. *Rogers*, 2012 WL 2603107, at \*8-9; *Zappalla*, 589 Pa. at 531-32, 909 A.2d at 1281 (citing *Bingham v. Poswistilo*, 2011 WL 2262482, at \*13 (Lacka. Co. 2011). "Pa.R.C.P. 2179(a)(2) "requires only that the business be conducted 'regularly' and not 'principally.' A corporation [or partnership] may perform acts 'regularly' even though these acts make up a small part of its total activities." *Zampana-Barry*, 921 A.2d at 506, ¶ 18. "Pennsylvania employs a 'quality-quantity' analysis in determining whether a corporation or similar entity regularly conducts business in a given county, with each case resting upon its own facts." *Purcell*, 525 Pa. at 244, 579 A.2d at 1285; *Goodman v. Fonslick*, 844 A.2d 1252, 1255 (Pa. Super. 2004). *Zampana-Barry*, 921 A.2d at 503, ¶ 10.

"Quality" Component to Pa.R.C.P. 2179(a)(2)

The quality component to the "regularly conducts business" analysis will be found if a corporation performs acts in a county that directly furthers or is essential to the entity's business objective. Incidental acts in the county are not sufficient to meet the quality aspect of the test. *Purcell*, 525 Pa. at 243-44, 579 A.2d at 1284-85; *Kappe*

responding party's answer to the preliminary objections simply asserts legal conclusions and does not contain disputed factual averments, it is not necessary for the trial court to conduct an evidentiary hearing due to the lack of properly contested factual issues. *Id.*; *Petty v. Hosp. Serv. Ass'n of Northeastern Pennsylvania*, 967 A.2d 439, 444 (Pa. Cmwlth 2009), *aff'd*, 23 A.3d 1004 (Pa. 2011).

*v. Lentz, Cantor & Massey, Ltd.*, 2011 WL 4073343 at 6 (Trial Order) (Phila. Co. Aug. 5, 2011); *Kubik*, 762 A.2d at 1124.[5] Mere advertisement or solicitation of business within the county generally is not sufficient to satisfy the quality test, because advertisement is generally incidental to the corporate object. *Purcell*, 525 Pa. 237, 579 A.2d 1282. *See also Krosnowski v. Ward*, 836 A.2d 143, 147 (Pa. Super. 2003) (*en banc*); *Zampana-Barry*, 921 A.2d at 503-504. If the defendant never entered the county in furtherance of the corporate objective, the mere fact that the defendant conducted some business with county residents is not sufficient to confer venue. *Masel v. Glassman*, 456 Pa. Super. At 49, 689 A.2d at 318; *Feltoon*, 2002 WL 31474535, at *3.

"Quantity" Component to Pa.R.C.P. 2179(a)(2)

Although "there is no general principle which conclusively establishes in every case what constitutes 'doing business,' as each case is governed by its own particular facts," courts have consistently decided issues of venue based on the proportional amount of business done in a county. *See Kappe*, 2011 WL 4073343, at *8 (internal citations omitted); *Zampara-Barry*, 921 A.2d at 502; *Ranlett v. Kurt Weiss Greenhouses, Inc.*, 2012 WL 6931461 (Ct. Com. Pl. Oct. 26, 2012). To meet the quantity prong of the test, a defendant's contacts with the county must be "so continuous and sufficient as to be considered habitual." *Kappe*, 2011 WL 4073343, at *8; *Purcell*, 579 A.2d at 1285 (internal citations omitted). *Rogers*, 2012 WL 2603107; *Zampana-Barry*, 921 A.2d

---

5. *Purcell v. Bryn Mawr Hosp.*, 525 Pa. at 244, 579 A.2d at 1284; *Masel*, 456 Pa.Super. at 46, 689 A.2d at 317 (internal citations omitted) (Incidental acts include advertising, solicitation of business, education programs for personnel, hiring of personnel, and purchase of supplies from county.).

at 504; *Goodman*, 844 A.2d at 1255. "[S]ome cases say 1-2% of contacts in a particular county is enough to meet the 'quantity' test, while others say 3-5% is not enough." *Kappe*, 2011 WL 4073343, at *9. In *Kappe*, the court held that "the one to two percent that was used in *Canter* is not a bright line test." *Id.* (citing *Purcell*, 579 A.2d at 1285; *Kisak v. Wheeling Park Comm'n*, 898 A.2d 1083, 1086 (Pa. Super. 2006)); *Canter v. American Honda Motor Corp.*, 231 A.2d 140 (Pa. 1967)). That venue is present in one county does not negate the existence of venue in another county. *Zampana-Barry*, 921 A.2d at 505, ¶ 15. The *Zampara-Barry* court noted that, if that was the case, "there would be only one county with venue over an action against a corporation or partnership, which would be in direct conflict with the language of the pertinent rules." *Id.*

Plaintiff's Choice of Forum is a Forum where Defendants Regularly Conduct Business

In the present case, the vehicle collision between P\ plaintiff and defendants did not occur in Lackawanna County but in Wayne County. Pl.'s complaint, *Laabs v. Four Star Contracting, Inc. and Sorayda Busillo*, No. 2011-CV-5073 at ¶¶ 6-7. The record does not reflect that defendants' business in Lackawanna County was in any way related to the Wayne County car crash between plaintiff and defendants, other than the fact that defendant Busillo was driving a Four Star Contracting, Inc. vehicle at the time of the motor vehicle accident. Moreover, neither plaintiff nor defendants reside in Lackawanna County. *Id.* "[A] plaintiff's choice of forum is accorded less deference when the plaintiff does not live in the forum district and none of the operative events occurred there." *Feltoon*, 2002 WL 31474535 at *2 (citing *Int'l Mills Servs, Inc. v. Allegheny Ludlum Corp.*, 2002 WL 748896, *2, 5-6 (Phila.

Co. April 11, 2002). However, in determining venue under the quantity-quality analysis test, the Supreme Court of Pennsylvania has held "[t]he corporation's contacts need not be related to the cause of action." *Purcell*, 525 Pa. at 244, 579 A.2d at 1286; *See Feltoon*, 2002 WL 31474535 at 2. Where the defendant is physically present in the county, courts have generally accepted any amount of business as satisfying the quantity prong. *Id.*; *Canter*, 426 Pa. at 44, 231 A.2d at 143; *Monaco*, 417 Pa. 135, 143, 208 A.2d 252, 256 (Pa. 1965).[6]

Defendants' business in Lackawanna County is more than incidental. *Purcell*, 525 Pa. at 244, 579 A.2d at 1285; *Kappe*, 2011 WL 4073343; *Kubik v. Route 252, Inc.*, 762 A.2d 1119 (Pa. Super. 2000). In defendant Busillo's deposition, Busillo stated that Four Star Contracting, Inc.'s business with Lowe's of Scranton was its business in Lackawanna County. Busillo dep. at 16. As a general contractor, Four Star Contracting, Inc.'s work with Lowe's occurs when Lowe's subs them out for roofing and siding. *Id.* Defendants' work in Lackawanna County is of the kind for which defendants' business is organized. The business records between Lowe's and defendant indicate that defendants conducted business with Lowe's of Scranton from 2006 to 2012, with $299,157.58 worth of sales, where 37% of defendants' sales with Lowe's were with Lowe's of Scranton. Plaintiff's supplemental brief in response

6. The defendant must have had physical presence in the county, for example by operating a branch office in the county, or by entering the county to make sales. *Kappe.* 2011 WL 407334; *Feltoon*, 2002 WL 31474535 at *3; *see also, Mathues v. Tim-Bar Corp.*, 438 Pa.Super. 231, 234, 652 A.2d 349, 351 (1994); *Battuelo v. Camelback Ski Corp.*, 409 Pa. Super. 642, 645, 598 A.2d 1027, 1029 (1991); *Gale v. Mercy Catholic Med. Ctr. Eastwick, Inc.*, 698 A.2d 647, 652 (Pa. Super.Ct. 1997), *Canter*, 426 Pa. 38, 43, 231 A.2d 140, 143 (Pa. 1967); *Monaco*, 417 Pa. at 142, 208 A.2d at 256.

to defendants' preliminary objections at 4 (Feb. 6, 2013) (citing exhibit B of plaintiff's supplemental brief, (Lowe's records from 2006-2012)). We note that the record does not reflect how defendants' business with Lowe's of Scranton compares to defendants' business overall. Nevertheless we find that based on defendants' business relationship with Lowe's of Scranton over the six year period referenced above, where over one-third of defendants' business with Lowe's is in Scranton, defendants have conducted regular business in Lackawanna County, before during and after the date of the accident herein.

This is so because courts in Pennsylvania at the county, Superior Court, and Supreme Court levels have all held that venue was sufficient in cases where the percentage of total business conduct was far less than the 37% of Lowe's business that defendants have in Lackawanna County. (*See Lugo v. Farmers Pride. Inc.*, 967 A.2d 963, 971 (Pa. Super. 2009) *app. denied*, 602 Pa. 668, 980 A.2d 609 (2009) (venue proper when only 1.9% of the plant's total B grade produce sales occurred in that county); *Zampana-Barry*, 921 A.2d at 506, ¶ 19 (3-5% of gross business in a county was sufficient to confer venue); *Canter*, 426 Pa. at 44, 231 A.2d at 143 (venue proper when defendant's sales in that county were only 1-2% of total business); *Monaco*, 417 Pa. at 143, 208 A.2d at 256 (venue proper when fares in that county were only 5-10% of the total business); *see also Ranlett*, 2012 WL 6931461 (when sales to customers in county ranged from 0.08% to 0.17% of total sales, the percentage of income generated from the county was not sufficiently continuous and efficient to render that county a proper venue). Accordingly, defendants' working relationship with Lowe's of Scranton constitutes "regular business conduct" and therefore venue in Lackawanna

County is appropriate in this case.

Defendants Have Failed to Meet Their Burden to Show a Change in Venue is Necessary

We also note that since having filed their preliminary objection as to improper venue, defendants have failed to provide this court with any material evidence supporting the allegation that their business conduct within Lackawanna County is not regular enough in order for this county to be an appropriate venue. In support of defendants' preliminary objection as to venue, defendants merely reiterate facts averred from plaintiff's complaint that the accident occurred in Wayne County and that neither party resides in Lackawanna County. Def.'s brief in support of preliminary objections of defendants Four Star Contracting, Inc. and Sorayda Busillo at 1-2 (Oct. 6, 2011). Defendants even go so far in their supporting brief to say that they never conduct business in Lackawanna County. *Id.* at 2. Defendants' claim in this regard is in direct conflict with the business records between Lowe's and Four Star Contracting, Inc. that was supplied by Lowe's during discovery. Pl.'s response to def.'s preliminary objections, exhibit B (Lowe's business records from 2006-2012).

In *Jacobson v. The Shay Agency, LLC*, 2012 WL 407390, at *3 (Lacka. Co. 2012), the court held that venue in Lackawanna County was improper because defendants had not alleged any facts relative to the quantity and quality of their business activities in Lackawanna County. In that case, no factual representations had been made regarding defendants' total volume of business, the percentage of that business in Lackawanna County or the nature and extent of the agency's activities in Lackawanna County.

*Id.* The burden of proof to show that a change of venue is necessary is on defendants. *Zampana-Barry*, 921 A.2d at 503, ¶ 9; *Purcell*, 525 Pa. at 243, 579 A.2d at 1284; *Rogers v. Thomas*, 2012 WL 2603107; *Nutrition Management Services Company v. Hinchcliff*, 926 A.2d 531, 535 (Pa. Super. 2007); *Delaware Valley Underwriting Agency, Inc. v. Williams & Sapp, Inc.*, 359 Pa. Super. 368, 374, 518 A.2d 1280, 1283 (1986)). Defendants have failed to meet their burden. It would be an abuse of this court's discretion if we granted defendants' preliminary objections without defendants having presented any evidence whatsoever in support of their requested relief. *See Korn*, 362 Pa. Super. 559, 524 A.2d 1380 (1987). *See Stier*, 2012 WL 6051000, at *2; *Wimble*, 2011 WL 2518385, at *1; *Feltoon*, 2002 WL 31474535, at *1.

Accordingly, defendants' preliminary objections as to improper venue are overruled. Pa.R.C.P. 2179(a)(2); Pa.R.C.P. 1006(c)(1). An appropriate order follows.

## MEMORANDUM AND ORDER

Defendants' preliminary objections as to improper venue are denied, dismissed and overruled. Defendants should file an answer to plaintiff's complaint within twenty (20) days of the date of this order.