J-S26032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOSEPH KINEE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS J. VASSALOTTI AND IRINA | : | No. 3526 EDA 2018 |
| VASSALOTTI AND FREDERICK G. | : | |
| BETZ, THOMAS P. BETZ, RICHARD B. | : | |
| BETZ, INDIVIDUALLY AND AS | : | |
| TRUSTEES OF ELEANOR N. BETZ | : | |
| RESIDUARY TRUST AND ELEANOR N. | : | |
| BETZ RESIDUARY TRUST | : | |

Appeal from the Order Entered October 31, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  February Term, 2018, No. 00866

BEFORE:   PANELLA, P.J., GANTMAN, P.J.E., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:                    **FILED JUNE 04, 2019**

In this premises liability action, the plaintiff, Joseph Kinee (Kinee), appeals an order of the Court of Common Pleas of the First Judicial District sustaining preliminary objections to venue and transferring the case to Montgomery County.  We affirm.[1]

---

*   Retired Senior Judge assigned to the Superior Court.

[1] An appeal may be taken as a matter of right from an order transferring the matter to another court of coordinate jurisdiction.  ***See*** Pa.R.App.P. 311(c).

**I.**

Kinee allegedly slipped and fell on property located in Montgomery County. He asserted that the property was jointly owned and negligently maintained by the defendants, Thomas J. Vassalotti and Irina Vassalotti; Frederick G. Betz, Thomas P. Betz, and Richard B. Betz, individually and as trustees of the Eleanor N. Betz Residuary Trust; and the Eleanor N. Betz Residuary Trust (Property Owners). Kinee filed suit in Philadelphia County despite the fact that none of the parties in the case resided there, and Property Owners were all served with process in other counties.

Property Owners filed preliminary objections to venue. Significantly, Frederick Betz averred in his preliminary objection that although he owned property located at 8208 Pine Road, Philadelphia County, he did not maintain an office or run a business from that address. He submitted a sworn affidavit to that effect.

Kinee filed an answer to Property Owners' preliminary objections contending that they could be sued in Philadelphia County because Frederick Betz also owned and operated an apartment building in Philadelphia County under a fictitious name, "Pine Road Court."[2] The document further showed

---

[2] In addition to suing Frederick Betz individually, Kinee also sued him in his capacity as a trustee of the Eleanor N. Betz Residuary Trust. However, Frederick's Betz's role as a trustee was not an asserted basis for venue and is irrelevant for the purposes of this appeal.

that Frederick Betz owned a business under that fictitious name but it did not indicate which type of business entity it was.

After holding an evidentiary hearing on the issue on October 31, 2018, the trial court ruled that Frederick Betz's business in Philadelphia County did not establish venue in that forum and transferred the case to Montgomery County. Kinee appealed, and in his Rule 1925(b) Statement of Matters Complained of, he asserted that the trial court erred because Frederick Betz operated an unincorporated association in Philadelphia County, making venue proper under Pennsylvania Rule of Civil Procedure 2156, which permits a plaintiff to sue such an entity in counties where it regularly does business.

The trial court explained in its Rule 1925(a) opinion that Frederick Betz's mere ownership of property in Philadelphia County did not entitle Kinee to sue him there as an individual. *See* Trial Court Opinion, 1/31/2019, at 3-4. The trial court reasoned that since Kinee did not sue Frederick Betz in the capacity of an association member, it was irrelevant whether that defendant regularly did business or owned property in Philadelphia County. *Id*.

Kinee now presents two questions in his appellate brief, which we quote below verbatim:

> 1. Did the lower court err and abuse its discretion when defendant, Frederick G. Betz, owned property and had significant business contacts with Philadelphia County as he was the owner and manager of a nineteen-unit apartment complex in Philadelphia County and had registered the fictitious name of the complex listing the address in Philadelphia County?

2. Did the lower court err and abuse its discretion when it held that [Rule 2156(a)] did not apply because the fictitious name was not a named defendant although the facts showed that defendant, Frederick G. Betz, was the principal owner and operator of an apartment complex in Philadelphia County and regularly conducted business in Philadelphia County and was therefore subject to venue in Philadelphia County and the fictitious name itself cannot be a named party?

Appellant's Brief, at 5.

## II.

## A.

The issue in this appeal is one of venue, which "relates to the right of a party to have the controversy brought and heard in a particular judicial district." **Commonwealth v. Bethea**, 828 A.2d 1066, 1074 (Pa. 2003). The venue of a court of common pleas is "generally prescribed by rules" of the Pennsylvania Supreme Court. **Id.** (citing 42 Pa.C.S. § 931(c)). "[A]n action against an individual may be brought in and only in a county in which the individual may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law[.]" Pa.R.C.P. 1006(a)(1).[3] A case

---

[3] Pennsylvania Rule of Appellate Procedure 402(a) provides that process against an individual may be served through the following means:

(1) by handing a copy to the defendant; or

(2) by handing a copy

involving the joint and several liability of multiple defendants may be brought in any county in which venue is proper as to at least one defendant. ***See*** Pa.R.C.P. 1006(c)(1).[4]

Unlike in a suit against an individual, venue for actions against unincorporated associations[5] does ***not*** turn on where that entity may be served. Instead, when the action is filed in a county other than where the

---

> (i) at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence; or
>
> (ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or
>
> (iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

Pa.R.App.P. 402(a).

[4] The standard of review is *de novo* as to a trial court's ruling on a preliminary objection to improper venue. ***See Zappala v. Brandolini Property Management, Inc.***, 909 A.2d 1272, 1280 (Pa. 2006). Although a plaintiff generally may decide the forum in which to file suit, the issue of whether venue in a given county is proper is treated the same way as a challenge to a court's jurisdiction to hear the case, which is an issue of law. ***See Deyarmin v. Consol. Rail Corp.***, 931 A.2d 1, 10 (Pa. Super. 2007) (citing ***Kring v. Univ. of Pittsburgh***, 829 A.2d 673, 676 (Pa. Super. 2003)).

[5] An "'association' means an unincorporated association conducting any business or engaging in any activity of any nature whether for profit or otherwise under a common name[.]" Pa.R.C.P. 2151.

claims arose, the propriety of venue as to such an entity depends on where it regularly operates:

> (a) Except as otherwise provided by Rule 1006(a.1) and by subdivision (b) of this rule, **an action against an association may be brought in and only in a county where the association regularly conducts business or any association activity**, or in the county where the cause of action arose or in a county where a transaction or occurrence took place out of which the cause of actions arose or in the county where the property or a part of the property which is the subject matter of the action is located provided that equitable relief is sought with respect to the property.

Pa.R.C.P. 2156(a) (emphasis added).[6]

## B.

In this case, Kinee maintains that Rule 2156 makes venue proper in Philadelphia County. He emphasizes the fact that Frederick Betz had for many years done business in that forum under the fictitious name, "Pine Road Court." Under Kinee's interpretation of the venue rules, an individual who owns a business under a fictitious name may be treated as if he is an unincorporated association because the individual and the business entity are one and the same. *See generally Burlington Coat Factory of Pa., LLC v. Grace Constr. Mgmt. Co., LLC*, 126 A.3d 1010, 1024 (Pa. Super. 2015) ("The use of a fictitious name does not create a separate legal entity, but is

---

[6] "A business entity must perform acts in a county of sufficient quality and quantity before venue in that county will be established." *Zampana–Barry v. Donaghue*, 921 A.2d 500, 503 (Pa. Super. 2007).

merely descriptive of a person or corporation who does business under another name.").

However, it cannot be inferred that an unincorporated association called Pine Road Court exists just because Frederick Betz owned and operated a business under that fictitious name. Pennsylvania law permits individuals to operate a business under a fictitious name without creating an unincorporated association or any other form of business entity. *See* 54 Pa.C.S. §§ 302-303 (allowing a fictitious name to be used for business purposes by an individual). In similar scenarios, this Court has applied the venue rule for individuals to parties who do business under a fictitious name. *See e.g., Gilfor ex rel. Gilfor v. Altman,* 770 A.2d 341, 345 (Pa. Super. 2001) ("[Plaintiff] has failed to cite any law, and our research does not disclose any law, permitting an individual to be served in a county *merely* because he may conduct some business in that county.").

Kinee failed to assert a valid factual or legal basis for venue in Philadelphia County because he sued Frederick Betz as *an individual*. The applicable venue provision as to that party is Rule 1006. Because Kinee's causes of action did not arise in Philadelphia County, and Frederick Betz was not served there, venue does not lay in that forum. Moreover, Rule 2156 does not apply because an individual does not become an unincorporated association merely by using a fictitious name to own or manage property. *See Burlington Coat Factory of Pa.*, 126 A.3d at 1024; *Gilfor,* 770 A.2d at 345.

Accordingly, the trial court's order sustaining Property Owners' preliminary objections to venue and transferring the case to Montgomery County is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/4/19