518 A.2d 1280

**DELAWARE VALLEY UNDERWRITING AGENCY, INC.**

**v.**

**WILLIAMS & SAPP, INC., and Walter Sapp Insurance Agency, Inc., Successor, and Donald G. Powell and Nancy Powell, His Wife.**

**Appeal of WILLIAMS & SAPP, INC. and Walter Sapp Insurance Agency, Inc., Successor.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1986.

Filed Dec. 11, 1986.

Georgia A. Broz, Pittsburgh, for appellants.

David K. Rudov, Pittsburgh, for Delaware Valley, appellee.

James H. Joseph, Pittsburgh, for Powell, appellee.

Before BROSKY, ROWLEY and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from an order of the trial court which sustained preliminary objections for lack of personal jurisdiction over the appellees, Donald and Nancy Powell. We must reverse and remand the matter for reasons herein stated.

The factual allegations which were set forth in appellees' preliminary objections consisted of the following: [1]

Appellees, the Powells, lived in Fox Chapel until 1984, at which time they moved to the State of Washington. Although they did not sell their house in Fox Chapel at that time, their homeowners' insurance policy was cancelled because the house was vacant.

The Powells had initially received their insurance coverage through their broker, Williams & Sapp, Inc., and the successor, Walter Sapp Insurance Agency, Inc. (Sapp).

The Powells contacted Sapp to learn what action they should take concerning the insurance. Sapp agreed to

---

1. We also note that the order which forms the basis of the instant appeal is a final order. *Reifinger v. Holiday Inns, Inc.*, 315 Pa.Super. 147, 149–56, 461 A.2d 839, 841 (1983) ("the order in question effectively terminated the litigation as to the additional defendant".).

contact other sources of insurance to determine what coverage could be obtained.

The Powells eventually obtained insurance coverage through their insurance brokers in Tacoma, Washington. Sapp, however, had obtained an insurance binder for the Powell's dwelling from plaintiff, Delaware Valley Underwriting Agency, Inc. After being advised of the existence of the other policy, the Powells instructed Sapp to cancel the binder. The Powells have not returned to Pennsylvania and they are not engaged in the conduct of any business in Pennsylvania.

The trial court concluded that a Pennsylvanian could not exercise personal jurisdiction over the Powells under the long arm statute [2] essentially because "[t]he Powells had no reason to believe that through the telephone call with Sapp [that] they were entering into a contract with a Pennsylvania company requiring premiums to be paid in Pennsylvania. Thus, the quality and nature of the activity of the Powells in Pennsylvania is such that it would be unreasonable and unfair to require them to conduct a defense in this state." Trial Court Opinion at 4. This appeal followed.

Appellant contends that the trial court erred because it improperly relied upon the predecessor statute to 42 Pa.C. S.A. § 5322. According to appellant, Section 5322 now provides a broader basis for jurisdiction.

The pertinent portions of the long arm statute, supra, are set forth in the following manner:

> **(a) General rule.—**A tribunal of this Commonwealth may exercise personal jurisdiction over a person (or the personal representative of a deceased individual who would be subject to jurisdiction under this subsection if not deceased) who acts directly or by an agent, as to a cause of action or other matter arising from such person:
>
> \*  \*  \*  \*  \*  \*
>
> (5) Having an interest in, using, or possessing real property in this Commonwealth.

**2.** 42 Pa.C.S.A. § 5322.

(6)(i) Contracting to insure any person, property, or risk located within this Commonwealth at the time of contracting.

(ii) Being a person who controls, or who is a director, officer, employee or agent of a person who controls, an insurance company incorporated in this Comonwealth or an alien insurer domiciled in this Commonwealth.

(iii) Engaging in conduct described in section 504 of the act of May 17, 1921 (P.L. 789, No. 285), known as "The Insurance Department Act of 1921."

\*       \*       \*       \*       \*       \*

**(b) Exercise of full constitutional power over nonresidents.**—In addition to the provisions of subsection (a) the jurisdiction of the tribunals of this Commonwealth shall extend to all persons who are not within the scope of section 5301 (relating to persons) to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States.

**(c) Scope of jurisdiction.**—When jurisdiction over a person is based solely upon this section, only a cause of action or other matter arising from acts enumerated in subsection (a), or from acts forming the basis of jurisdiction under subsection (b), may be asserted against him.

**(d) Service outside this Commonwealth.**—When the exercise of personal jurisdiction is authorized by this section, service of process may be made outside this Commonwealth.

**(e) Inconvenient forum.**—When a tribunal finds that in the interest of substantial justice the matter should be heard in another forum, the tribunal may stay or dismiss the matter in whole or in part on any conditions that may be just.

42 Pa.C.S.A. § 5322.

Additionally, the applicable standard of review has been summarized accordingly:

when preliminary objections, if sustained, would result in the dismissal of an action, such objections should be sustained only in cases which are clear and free from doubt. (citation omitted). Moreover, when deciding a motion to dismiss for lack of personal jurisdiction the court must consider the evidence in the light most favorable to the non-moving party.

*Barber v. Pittsburgh Corning Corp.*, 317 Pa.Super. 285, 302–303, 464 A.2d 323, 332 (1983), cert. denied *Charter Consolidated, Ltd. v. Barber*, 467 U.S. 1205, 104 S.Ct. 2387, 81 L.Ed.2d 346 (1984).

■ At this stage of the proceedings, because "of the failure of the parties to provide the evidence necessary for a proper determination of the issue", we must remand the matter. *Holt Hauling & Warehousing v. Aronow Roofing*, 309 Pa.Super. 158, 161, 454 A.2d 1131, 1133 (1983).

The record in this case contains no evidence from which we can make an independent determination of the nature and quality of the Powells' activity in Pennsylvania with respect to their ownership of the real estate and the instant cause of action. Although the trial court states that the Powells were not parties to the insurance contract and that the Powells have not returned to Pennsylvania since their departure to the State of Washington, there is no record evidence to support its conclusions.

■ The trial court also states that the factual allegations which were set forth in the appellees' preliminary objections "were not contested by Sapp".[3] However, we have said:

Where a defendant wishes to challenge the court's exercise of in personam jurisdiction, he may do so by filing preliminary objections. *Lox, Stock & Bagels, Inc. v. Kotten Machine Co. of California, Inc.*, 261 Pa.Super. 84, 87, 395 A.2d 954, 955 (1978) citing *Monaco v. Montgomery Cab Co.*, 417 Pa. 135, 140, 208 A.2d 252, 255 (1965); Pa.R.C.P. 1017(b)(1). If an issue of fact is raised by the preliminary objections, "the court shall take evi-

3. Trial Court Opinion at 1.

dence by depositions or otherwise." Pa.R.C.P. 1028(c). In such a situation the court may not reach a determination based upon its view of the controverted facts, but must "resolve the dispute by receiving evidence thereon through interrogatories, depositions or an evidentiary hearing." *Luitweiler v. Northchester Corporation,* 456 Pa. 530, 535, 319 A.2d 899, 902 (1974). Accord: *Telstar Corporation v. Berman,* 281 Pa.Super. 443, 448, 422 A.2d 551, 554 (1980); *Envirosystems Corporation v. Weinhardt,* 271 Pa.Super. 66, 68, 412 A.2d 577, 578 (1979); *Lox, Stock & Bagels, Inc. v. Kotten Machine Co. of California, Inc.,* supra 261 Pa.Super. at 88, 395 A.2d at 956; *Laffey v. Lehigh Valley Dairy Cooperative,* 257 Pa.Super. 45, 49, 390 A.2d 238, 240 (1978); *Greene v. Liebergott,* 235 Pa.Super. 475, 477, 344 A.2d 501, 502 (1975); *Schaffer v. Batyko,* 227 Pa.Super. 62, 65, 323 A.2d 62, 63–64 (1974); *Luria v. Luria,* 220 Pa.Super. 168, 171, 286 A.2d 922, 923 (1971). The failure of the parties to provide the evidence necessary for a proper determintion of the issue does not excuse the court from further inquiry. Thus, it was incumbent on the court below to take evidence to resolve the dispute. See: *Greene v. Liebergott,* supra 235 Pa.Super. at 477, 344 A.2d at 502. Accord: *Schaffer v. Batyko,* supra 227 Pa.Super. at 65–66, 323 A.2d at 63–64. *Luria v. Luria,* supra 220 Pa.Super. at 170–171, 286 A.2d at 923–924. Moreover, it was not Holt[, the original defendant,] but Aronow[, the additional defendant,] who, as the moving party, bore the burden of supporting its objections to the court's jurisdiction. *Lox, Stock & Bagels, Inc. v. Kotten Machine Co. of California, Inc.,* supra 261 Pa.Super. at 88, 395 A.2d at 955; *Liggitt v. Liggitt,* 253 Pa.Super. 126, 131, 384 A.2d 1261, 1263–1264 (1978); *Alumbaugh v. Wallace Business Forms, Inc.,* 226 Pa.Super. 511, 516–517, 313 A.2d 281, 284 (1973); *Lewandowski v. General Telephone Company,* 223 Pa.Super. 476, 480, 302 A.2d 478, 480 (1973).

*Holt Hauling & Warehousing v. Aronow Roofing,* 309 Pa.Super. at 161, 454 A.2d at 1133 (1983).

Because appellees bore the burden of supporting its objections to the court's jurisdiction, we are unable to rely upon the uncontested factual allegations which were set forth in the appellees' preliminary objections. *Greene v. Liebergott,* 236 Pa.Super. at 477, 344 A.2d at 502 ("Because the preliminary objections did not contain a notice to plead, this averment of fact must be considered as being denied by appellant despite his failure to file a responsive pleading.") Hence, a "remand is necessary to allow the parties a reasonable period of time within which to present evidence by deposition, interrogatories or otherwise which will allow a determination of the factual issues raised by" the preliminary objections. *Id.*

■ Order vacated and record remanded for proceedings consistent with this opinion.[4]

Jurisdiction relinquished.

---

**4.** On remand, the trial court should apply the current version of the long arm statute, 42 Pa.C.S.A. § 5322. See e.g., *Kenny v. Alexson Equipment Company,* 495 Pa. 107, 125–27, 432 A.2d 974, 980 (1981).