531 A.2d 801

Norbert J. SCHMITT, Administrator of the Estate of Gerard E. Schmitt, deceased, on behalf of the Estate of Gerard E. Schmitt, deceased, and Norbert J. Schmitt, Administrator of the Estate of Gerard E. Schmitt, deceased, on behalf of the next of kin of Gerard E. Schmitt, deceased, Appellant,

v.

SEASPRAY–SHARKLINE, INC., a New York Corporation, and William Cohen, an individual and Olympia Pools, Inc., a Pennsylvania Corporation, and John S. Mihalov, an individual,

v.

Mr. and Mrs. Fred C. FOWLER, and Oceanic Pools, Additional Defendants,

v.

POOL CITY, INC., and Seaspray-Sharkline, Inc., a New York Corporation, as successor in interest to Sharkline Industries, Inc., Added Defendants.

Superior Court of Pennsylvania.

Argued June 16, 1987.

Filed Oct. 1, 1987.

Edward G. Shoemaker, Pittsburgh, for appellant.

Scott T. Redman, Pittsburgh, for Seaspray-Sharkline, appellees.

Before ROWLEY, JOHNSON and MONTGOMERY, JJ.

## OPINION OF THE COURT

ROWLEY, Judge:

■ Appellant Schmitt appeals from an order sustaining the preliminary objections of defendants Seaspray-Sharkline, Inc. and William Cohen. Appellant contests the trial court's order only as to defendant Cohen, whose preliminary objections were sustained for lack of personal jurisdiction.[1] The issue is whether the trial court erred in finding that the exercise of personal jurisdiction over Mr. Cohen would be "unreasonable or unjustifiable."

Appellant is the administrator of the Estate of Gerard E. Schmitt who died after suffering quadriplegia as a result of diving injuries. The deceased struck his head upon the bottom of a round, four-foot-deep, outdoor, vinyl-lined swimming pool. Appellant commenced this civil action against the alleged manufacturers and sellers of the pool based upon theories of Products Liability and Negligence.

Appellee Cohen, a New York resident and corporate officer of defendant Seaspray-Sharkline, Inc., argues that there are insufficient contacts with Pennsylvania to sustain *in personam* jurisdiction over him, and that any contacts

---

1. Dismissal of a complaint as to one defendant in a multi-defendant lawsuit is a final and appealable order. *Dash v. Wilap Corp.*, 343 Pa.Super. 584, 590, 495 A.2d 950, 953 (1985).

 The trial court's order dismisses plaintiff's "Reinstate Complaint" and allows twenty days for amendment thereof. While Defendant Cohen's preliminary objections were based upon lack of *in personam* jurisdiction, those of Defendant Seaspray-Sharkline, Inc. were based upon grounds other than lack of *in personam* jurisdiction. It is apparent that the leave to amend the complaint relates only to Seaspray-Sharkline's preliminary objections. Plaintiff's complaint as it relates to Defendant Cohen effectively remains dismissed without leave to amend by the Order appealed from. Therefore, it is a final, appealable order.

which he did have with Pennsylvania were strictly within his corporate capacity as an officer of Seaspray-Sharkline, Inc.

Appellant argues that Cohen's contacts are sufficient to sustain jurisdiction because, even if his contacts with Pennsylvania were strictly within his corporate capacity, he had the personal authority, duty, and responsibility to design, manufacture, sell, advertise, and recommend the pools, pool products, and decks involved in this litigation. Appellant further argues that the corporation is a "mere extension and creature of Cohen's person and his individual will" such that Cohen was the designer, manufacturer, seller, advertiser, and recommender of the pools, pool products, and decks.

We find it unnecessary to address the question of whether a finding that Cohen's contacts were within or without his corporate capacity is relevant to the jurisdictional issue. We must vacate and remand on procedural grounds.

 Appellee properly contested jurisdiction by filing preliminary objections. The moving party has the burden of *supporting* its objections to the court's jurisdiction. *Holt Hauling and Warehousing v. Aronow Roofing*, 309 Pa.Super. 158, 161, 454 A.2d 1131, 1133 (1983); *Delaware Valley Underwriting v. William and Sapp*, 359 Pa.Super. 368, 373, 518 A.2d 1280, 1283 (1986); *Gulentz v. Fosdick*, 320 Pa. Super. 38, 41 n. 1, 466 A.2d 1049, 1051 n. 1 (1983); *Liggitt v. Liggitt*, 253 Pa.Super. 126, 131, 384 A.2d 1261, 1263–1264 (1978). Once the plaintiff has produced some evidence to support jurisdiction, the defendant must come forward with some evidence of his own to dispel or rebut the plaintiff's evidence. *Alumbaugh v. Wallace Business Forms*, 226 Pa.Super. 511, 516, 313 A.2d 281, 283 (1973). The moving party may not sit back and, by the bare allegations as set forth in the preliminary objections, place the burden upon the plaintiff to negate those allegations. *Id.* It is only when the moving party properly raises the jurisdictional issue that the burden of proving jurisdiction is upon the party asserting it. *Biel v. Herman Lowenstein, Inc.*, 411 Pa. 559, 192 A.2d 391 (1963); *Bergere v. Bergere*,

532

364 Pa.Super. 100, 527 A.2d 171 (1987); *Temtex Products, Inc. v. Kramer,* 330 Pa.Super. 183, 479 A.2d 500 (1984); *Martin v. Gerner,* 332 Pa.Super. 507, 481 A.2d 903 (1984); *Crompton v. Park Ward Motors, Inc.,* 299 Pa.Super. 40, 445 A.2d 137 (1982); *Whalen v. Walt Disney World Co.,* 274 Pa.Super. 246, 418 A.2d 389 (1980). If an issue of fact is raised, the court shall take evidence by deposition or otherwise. *Lox, Stock and Bagels, Inc. v. Kotten Machine Company of California, Inc.,* 261 Pa.Super. 84, 88, 395 A.2d 954, 955 (1978) (emphasis supplied). The court may not reach a determination based upon its view of the controverted facts, but must resolve the dispute by receiving evidence thereon through interrogatories, depositions, or an evidentiary hearing. *Delaware Valley Underwriting, supra,* 359 Pa.Super. at 373, 518 A.2d at 1283. Accord: *Luitweiler v. Northchester Corporation,* 456 Pa. 530, 535, 319 A.2d 899, 902 (1974); *Telstar Corporation v. Berman,* 281 Pa.Super. 443, 448, 422 A.2d 551, 554 (1980); *Envirosystems Corporation v. Weinhardt,* 271 Pa.Super. 66, 68, 412 A.2d 577, 578 (1979). Where an essential factual issue arises from the pleadings as to the scope of a defendant's activities within the Commonwealth, the plaintiff has the right to depose defendant as to his activities within the Commonwealth, and the court must permit the taking of the deposition before ruling on the preliminary objections. *Manchel v. Weil,* 272 Pa.Super. 591, 595, 416 A.2d 1054, 1056 (1979). Where neither party presents evidence by which the court can properly resolve the issue, it is appropriate to remand with directions that an order be entered allowing the parties a reasonable period of time in which to present evidence by deposition, interrogatories or otherwise. *Lox, Stock and Bagels, Inc, supra,* 261 Pa.Super. at 88, 395 A.2d at 956.

The record in this case reveals that issues of fact were raised, and that the court failed to receive evidence through interrogatories, depositions, or an evidentiary hearing.

Appellant alleged the following in the complaint: that William Cohen is an individual whose home address is

unknown and whose business address is that of defendant Seaspray-Sharkline, Inc.; that Cohen was at all times relevant to the cause of action the owner and/or President and/or primary managing and directing corporate officer/agent of and for Seaspray-Sharkline, Inc.; that because of the authority, responsibility and duties of Cohen, the corporation was a "mere extension and creature" of him; and that he, as well as the corporation, designed, manufactured, sold, advertised, and recommended the pools, pool products and decks.

Appellee, in his Preliminary Objections, averred that he has never resided in Pennsylvania; that he has never been domiciled in Pennsylvania; that Seaspray-Sharkline, Inc. has never had an office in Pennsylvania; that Seaspray-Sharkline, Inc. has never located its principle place of business in Pennsylvania; that, aside from the purchase of steel for the construction of swimming pools, Cohen has had no actual physical presence in Pennsylvania in connection with his business activities; and, finally, that in any event, any presence of Cohen in Pennsylvania was strictly and solely in connection with his activities as furthering the corporate business of Seaspray-Sharkline, Inc. and not in any personal capacity. Appellee attached to the Preliminary Objections an affidavit and a verification which satisfies the verification requirement where the preliminary objections contain averments of fact not appearing on the record. See *Biel v. Herman Lowenstein, Inc., supra.,* and *Standard Pennsylvania Practice,* § 25:15.

Appellant, in his Answer to Defendant's Preliminary Objections, denies that Cohen is solely a domiciliary of New York. Appellant also denies that Cohen has never resided or been domiciled in Pennsylvania. Appellant denies that Seaspray-Sharkline, Inc. has never had an office in Pennsylvania or that it has never had its principle place of business in Pennsylvania. Appellant further denies that Cohen's sole commercial or residency relationship with Pennsylvania is as to the purchase of steel for swimming pools. Finally, appellant denies that any presence of Cohen in Pennsylva-

nia was strictly and solely in connection with his activities as furthering the corporate business of Seaspray-Sharkline, Inc. and not in any personal business capacity. Appellant then filed a Notice of Deposition of William Cohen and, eleven days later, a Notice of Service of Interrogatories Directed to William Cohen. The record contains no transcript of a deposition of William Cohen, nor does it contain answers to interrogatories, nor any indication that the trial court received evidence, as called for by Pa.R.Civ.P. 1028(c) and the case law, where issues of fact are raised.

While it is true that the plaintiff bears the burden of proof where the defendant, as here, properly raised the issue of jurisdiction, our procedural law requires us to vacate the Order of the trial court. Neither party has presented evidence by which the trial court or this Court could have properly decided the issue of jurisdiction. We therefore remand for the trial court to take evidence by depositions, interrogatories or an evidentiary hearing before determining whether jurisdiction lies. Order vacated insofar as it sustains preliminary objections of Defendant William Cohen and insofar as it dismisses Plaintiff's "Reinstate Complaint" against Defendant William Cohen. Case remanded. Jurisdiction relinquished.