J-S04020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GEHRIS FAMILY TRUST, JOHN GEHRIS, ANN SERFASS, AND MARK GEHRIS | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : | |
| v. | : : : : | No. 1370 MDA 2017 |
| BOWLORAMA, INC., PERKIOMEN GRILL CORPORATION, DAVID BOYER, JOANNE SNYDER, MARTIN BOYER, AND BROOKE BOYER | : : : : : | |

Appeal from the Order Dated August 28, 2017
In the Court of Common Pleas of Berks County Civil Division at No(s):  17-05104

BEFORE:  SHOGAN, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                         **FILED MAY 31, 2018**

The Gehris Family Trust, John Gehris, Ann Serfass, and Mark Gehris (the "Individual Plaintiffs") (collectively, "Appellants"), appeal from the August 28, 2017 Order sustaining the Preliminary Objections in the nature of a demurrer filed by defendants Bowlorama, Inc. and Perkiomen Grill Corporation (the "Corporations"), David Boyer, Joanne Snyder, Martin Boyer, and Brooke Boyer (the "Individual Defendants") (collectively, "Appellees")

and dismissing Appellants' Complaint. After careful review, we vacate and remand.[1]

The facts and procedural history, as gleaned from this Court's review of the record, including the trial court's October 13, 2017 Opinion, are as follows. In the 1950's a father and two brothers formed the Corporations. The three original owners are now deceased. Upon their deaths, their ownership interests passed to their heirs. Currently there are twelve shareholders in the Corporations.[2]

Many of the shareholders are now elderly and are not involved in the business. Thus, the majority shareholders sought to sell the business assets and property. In early 2015, over Appellants' objection, the shareholders listed the businesses for sale with a realtor. BT Management, LLC made an offer to purchase the property in December 2015, and on January 11, 2016, the Corporations and BT Management, LLC entered into an agreement of sale. Pursuant to the agreement of sale, settlement was to occur within fifteen days of March 20, 2017.

_____

[1] We refer to this appeal as "Bowlorama II" for reasons explained *infra*. The appeal of "Bowlorama I" is docketed at No. 1369 MDA 2017.

[2] The Individual Plaintiffs averred that they are three of the twelve shareholders, owning 14% of the Corporations' shares in both this action and the related action ("Bowlorama I") in which an appeal is also pending. *See* No. 1369 MDA 2017.

In an effort to prevent the sale from occurring, on February 21, 2017, the instant Appellants filed a Complaint at a separate docket, Docket No. 17-2294, against the Corporations only ("Bowlorama I"). In Bowlorama I, the Corporations filed a Motion to Approve Sale of Real Estate and Assets and Preliminary Objections to Appellants' Complaint. The trial court granted the Corporations' Motion on March 30, 2017, thus, permitting the sale of the corporate assets to proceed.[3] After a brief stay while Appellants appealed the court's March 30, 2017 Order,[4] the court also sustained the Corporations' Preliminary Objections and dismissed the Bowlorama I Complaint.[5]

Following the court's approval of the Corporations' sale of real estate and assets to BT Management, LLC, Appellants initiated this action as a shareholder derivative suit ("Bowlorama II"). On April 20, 2017, Appellants filed a Complaint and a Motion for Preliminary Injunction,[6] seeking to relitigate the issue of the sale of the Corporations' real estate and assets.

_____

[3] The record indicates that the sale has not yet occurred.

[4] This Court quashed Appellants' appeal as interlocutory on July 19, 2017. **See Gehris Family Trust, et al. v. Bowlorama, Inc., et al.**, No. 607 MDA 2017 (order filed July 19, 2017).

[5] Appellants' appeal from that Order is pending before this Court at No. 1369 MDA 2017.

[6] The trial court denied Appellant's Motion for a Preliminary Injunction on April 27, 2017.

The Bowlorama II Complaint at issue here is, in large part, identical to the Bowlorama I Complaint. In the Bowlorama II Complaint, Appellants named as defendants the Corporations, as well as the Individual Defendants, who are shareholders in the Corporations and some of the Corporations' officers.

Appellants alleged in the Bowlorama II Complaint that they are, collectively, the "legal and/or equitable owners of 285 shares of Bowl-A-Rama[]" and the "legal and/or equitable owners of 2993 shares of Perkiomen Grill." Complaint, 4/20/17, at ¶¶ 4, 10. Appellants attached to the Bowlarama II Complaint a verification signed by the Individual Plaintiffs; however, they did not identify the trustee of the Gehris Family Trust, and the trustee of the Gehris family trust did not sign or verify the Complaint. As in the Bowlorama I Complaint, Appellants sought: (1) the appointment of a receiver authorized to continue the business operations of the Corporations, and to prepare an accounting; (2) unfettered access to the Corporations' books and records; (3) an injunction enjoining the sale or dissipation of the Corporations' assets; and (4) monetary damages.

On May 15, 2017, Appellees filed Preliminary Objections to Appellants' Complaint. Appellees objected to the Bowlorama II Complaint as having failed to state a claim upon which Appellants could be entitled to relief, and

on the basis of Appellants' lack of capacity to sue.[7]  Appellees averred that "**none** of the three [I]ndividual Plaintiffs have **any** legal ownership whatsoever in either Corporate Defendant."  Preliminary Objections, 5/15/17, at ¶ 15 (emphasis in original).  Appellees also averred that the evidence, including the Gehris Family Trust indenture, which Appellants had only recently produced, demonstrated that "the Gehris Family Trust is the only shareholder of the Corporate Defendants' stock, and the surviving settlor of [t]he Gehris Family trust, Barbara Gehris, is both the current trustee and the **only** beneficiary of the Trust[.]"  *Id.* at 16 (emphasis in original).[8]  Citing Appellants failure to plead the facts upon which their "ownership" interest in the Corporate Defendants is based, and their failure to attach stock certificates or other instruments underlying their alleged "ownership," Appellees argued that the Individual Plaintiffs lacked standing to "pursue alleged claims held by the record owner of the Corporate Defendants' stock, which is **only** [t]he Gehris Family Trust."  *Id.* at 23 (emphasis in original).  Appellees concluded, therefore, that the "Complaint on its face fails to demonstrate any ownership interest of any Individual

---

[7] The Pennsylvania Rules of Civil Procedure provide in relevant part, "[p]reliminary objections may be filed by any party to any pleading and are limited to [*inter alia*] lack of capacity to sue."  No. Pa.R.C.P. 1028(a)(5).

[8] Article Seven of the trust indenture indicates that the Individual Plaintiffs are contingent beneficiaries of the trust assets entitled to distribution of the trust assets, if any remain, upon the death of their mother, Barbara Gehris. ***See*** Trust Indenture, 12/9/98, Article 7.1.

Plaintiff in either Corporate Defendant; fails to support the existence of any breach of any legal duty owed to them upon the transactions and occurrences set forth therein; and fails to demonstrate that any Individual Plaintiff has standing to participate as a party-plaintiff in this matter." *Id.* at 25. Thus, Appellees requested that the court strike the Individual Plaintiffs as named plaintiffs on the Complaint.

With respect to the Gehris Family Trust as a Plaintiff in this matter, the Corporations aptly noted that the Trust neglected to verify the Bowlorama II Complaint as required by Pa.R.C.P. No. 1024,[9] and that the Appellants failed to plead any foundational assertion that the Trust is the record shareholder of the Corporations, failed to identify the current trustee of the Trust, and failed to attach a copy of the Trust indenture as required by Pa.R.C.P. No. 1019(i). Preliminary Objections, 5/15/17, at 29, 32-34, 36. Appellees noted that "the Complaint fails to plead any fact demonstrating that the Trustee of the Gehris Family Trust authorized or otherwise consented to the initiation of this lawsuit on behalf of the Trust or that the actual Trustee is even aware these lawsuits were filed in the name of the trust." *Id.* at 35.

_____

[9] Rule 1024 requires every pleading to be verified by a party. *See* Pa.R.C.P. No. 1024. Here, the individual plaintiffs verified the Bowlorama II Complaint. However, Appellees argued that because the individual plaintiffs lacked standing and capacity to sue, the Complaint does not contain a verification signed by a proper party-plaintiff. *See* Brief in Support of Preliminary Objections, 5/15/10, at 10 n8.

Appellees, thus, concluded that the court must strike the claims purportedly brought by the Trust. *Id.* at 37.

On August 1, 2017, Appellants filed a Memorandum of Law in Opposition to the Appellees' Preliminary Objections. In their Memorandum of Law, Appellants argued that Appellees "improperly attempted to interject into the court's adjudication of the Preliminary Objections testimony and documentary evidence created through ancillary hearings." Memorandum of Law, 8/1/17, at 6-9, (unpaginated). Appellants urged the trial court not to consider this extra-pleadings evidence in its ruling. In the alternative, Appellants requested the right to amend its Complaint.

On August 28, 2017, the court entered an Order sustaining Appellees' Preliminary Objections concluding that: (1) the Individual Plaintiffs lacked capacity to sue; (2) the Trust is also an improper plaintiff as it did not verify the Complaint and Appellants did not plead that the trustee was aware of or consented to the suit;[10] and (3) Appellants had failed to plead any legally cognizable causes of action. Appellants filed this timely appeal. Both Appellants and the trial court complied with Pa.R.A.P. 1925.

Appellants raise the following issue in this Bowlorama II appeal:

> Did the [t]rial [c]ourt, in its [O]rder of August [28], 2017, err in sustaining [P]reliminary [O]jections in the nature of a demurrer without granting leave to amend Appellants' complaint?

---

[10] Appellants' have not presented any argument challenging this conclusion in their Brief to this Court.

Appellants' Brief at 3.

In its sole issue, Appellants claim that the trial court erred in sustaining Appellees' Preliminary Objections by neglecting to accept as true the facts Appellants pleaded in the Bowlorama II Complaint and by relying on "facts" not found on the face of the Complaint. *Id.* at 14-19. Specifically, Appellants argue that the status of the Individual Defendants as shareholders turns on issues of fact that the court was prohibited from considering at the preliminary objections stage. *Id.* at 15. Appellants also claim the court erred in sustaining the Preliminary Objections on the merits and in not granting Appellants leave to amend their Complaint. *Id.* at 13-15, 18-27.

This Court reviews an order sustaining preliminary objections to determine whether the trial court committed an error of law. *Richmond v. McHale*, 35 A.3d 779, 783 (Pa. Super. 2012). "In determining whether the court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred." *Clemleddy Const., Inc. v. Yorston*, 810 A.2d 693, 696 (Pa. Super. 2002) (citation omitted).

> When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to

whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections

***Richmond***, 35 A.3d at 783 (citation omitted).

### Preliminary Objections Challenging the Individual Plaintiffs' Capacity to Sue

Where a defendant files preliminary objections challenging the plaintiff's capacity to sue, the trial court shall develop a factual record "by depositions or otherwise" and make credibility determinations to determine this issue. ***See American Housing Trust, III v. Jones***, 696 A.2d 1181, 1183-85 (Pa. 1997) (remanding to the trial court to develop a factual record on which to determine whether, for the purposes of surviving preliminary objections, the plaintiff "did business" in Pennsylvania). ***See also*** Pa.R.C.P. No. 1028(c)(2). "In such a situation the court may not reach a determination based upon its view of the controverted facts, but must resolve the dispute by receiving evidence thereon through interrogatories, depositions[,] or an evidentiary hearing." ***Delaware Valley Underwriting Agency, Inc. v. Williams & Sapp, Inc.***, 518 A.2d 1280, 1283 (Pa. Super. 1986) (citation and quotation marks omitted). This "procedure is fundamentally different from what happens on a demurrer[,]" which tests "only, whether, as a matter of law, the pleaded allegations may entitle the pleader to relief." ***C.G. v. G.H.***, 172 A.3d 43, 54 (Pa. Super. 2017).

"[O]n preliminary objections that require a factual hearing, the plaintiff's factual allegations no longer are presumed to be true and there is

no longer any need to give the plaintiff the benefit of any doubt about its case." *Id.* at 55.

Here, with respect to the Individual Plaintiffs, Appellees filed a Preliminary Objection pursuant to Pa.R.C.P. No. 1028(a)(5), challenging their capacity to sue. Because this objection raised a question of fact, Rule 1028(c)(2) required the trial court develop a factual record and "consider evidence by depositions or otherwise."

The trial court, in its Rule 1925(a) Opinion, first addressed Appellees' claim that the Individual Plaintiffs lacked capacity to sue Appellees because they are not shareholders in the Corporations; rather they are merely beneficiaries of the Gehris Family Trust. In considering this claim, the trial court evaluated the arguments raised by Appellees in their Preliminary Objections and the trust indenture annexed thereto, and made findings of fact that led it to conclude that the Individual Plaintiffs lacked standing.

We observe, however, that, notwithstanding that Appellants contested the objections set forth by Appellees' in the Preliminary Objections, there is no indication that the trial court attempted to develop a sufficient factual record by holding an evidentiary hearing, or instructing the parties to take depositions or serve interrogatories to establish the veracity of Appellees' allegations.[11] Thus, we conclude that there are inadequate facts in the

---

[11] *See Delaware Valley Underwriting Agency*, *supra* at 1283.

record from which this Court could consider the propriety of the trial court's conclusion that the Individual Plaintiffs' lacked capacity to bring this suit.

The absence of facts of this kind in the record require this Court to vacate the trial court's order insofar as it struck the Individual Plaintiffs' claims, and remand the matter to the court to develop a factual record to enable it to determine whether the Individual Plaintiffs had standing.[12] **See American Housing Trust**, 696 A.2d at 1185; **Schmitt v. Seaspray-Sharkline, Inc.**, 531 A.2d 801, 803-04 (Pa. Super. 1987) (explaining that "if an issue of fact is raised, the court shall take evidence by deposition or otherwise," and remanding for the lower court to determine the contested issue of fact by "take[ing] evidence by depositions, interrogatories[,] or an evidentiary hearing.").

### Leave to Amend the Complaint

Appellants also posit that if the trial court found deficient their pleadings as to the ownership of the Corporations' stock, it should have

---

[12] Appellants also argue in their Brief that the trial court erred in sustaining Appellees' Preliminary Objections in the nature of a demurrer. However, because standing is a "threshold matter," we cannot reach the merits of that argument. **See Johnson v. American Standard**, 8 A.3d 318, 329 (Pa. 2010) (explaining that "a person who is not adversely affected in any way by the matter he seeks to challenge is not aggrieved thereby and has no standing to obtain a judicial resolution to his challenge"). **See also Pittsburgh Palisades Par, LLC. v. Commonwealth of Pennsylvania**, 888 A.2d 655, 659 (Pa. 2005) (considering preliminary objections challenging standing and noting that, "[p]rior to judicial resolution of a dispute, an individual must as a threshold matter show that he has standing to bring the action").

permitted Appellants' to amend their Complaint. Appellants' Brief at 15.

Appellants, however, never sought leave to amend.

Rule 1033 provides as follows:

A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party, or otherwise amend the pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

Pa.R.C.P. No. 1033. Thus, it is a plaintiff's responsibility to take steps to obtain an amendment. *See Werner v. Zazyczny*, 681 A.2d 1331, 1338 (Pa. 1996) ("Here, petitioner's claim fails because he never requested that the Commonwealth Court allow him leave to amend. Appellant fails to cite to any case law, and we can find none, requiring a court to *sua sponte* order or require a party to amend his pleading. Moreover, a court is not required to allow amendment of a pleading if a party will be unable to state a claim on which relief could be granted. Thus, appellant's claim must fail.") (internal citation omitted).

We reject Appellants' argument. There is nothing of record to suggest that Appellants sought Appellees' consent to amend the Complaint; moreover, Appellants never sought leave of court to amend the Complaint. Appellants also neglected to file an Amended Complaint in lieu of an Answer

to Appellees Preliminary Objections.[13]   For these reasons, Appellants' argument fails.

Order vacated.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/31/18

---

[13] We further note that Appellants did not indicate either in their Memorandum of Law in Opposition to the Appellees' Preliminary Objections or in their Brief to this Court how they would have amended the Complaint to cure the deficiencies outlined by the trial court.