J-A13038-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PAUL OLSON AND ANDREA OLSON, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| EUROFINS ENVIRONMENT TESTING | : | |
| US HOLDINGS INC., | : | |
| | : | |
| Appellee | : | No. 1945 EDA 2019 |

Appeal from the Order Entered June 17, 2019
in the Court of Common Pleas of Chester County
Civil Division at No(s): 2019-03310-MJ

BEFORE:    BENDER, P.J.E., LAZARUS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:                    **FILED JULY 24, 2020**

Paul Olson and Andrea Olson (collectively, the Olsons) appeal the order entered June 17, 2019, which sustained in part the preliminary objections of Eurofins Environment Testing US Holdings Inc. (Eurofins) on the basis of improper venue, and ordered the transfer of the matter to a state court in Iowa. We vacate the order and remand for further proceedings.

This action involves a dispute over a stock purchase agreement (SPA) entered into between the parties. The Olsons seek a declaration that they do not owe payments to Eurofins under the SPA and allege breach of contract by Eurofins. Briefly, the dispute centers on allegations that Eurofins avoided

_____

* Retired Senior Judge assigned to the Superior Court.

paying contingent consideration to the Olsons under the SPA. On April 4, 2019, the Olsons, who are residents of Chester County, filed the instant action in the Court of Common Pleas of Chester County.[1] On May 22, 2019, Eurofins filed preliminary objections pursuant to Pa.R.C.P. 1028(a)(1),[2]

_____

[1] Three actions related to the SPA have been filed between these parties in three venues. On January 24, 2019, the Olsons filed a federal complaint against Eurofins in the U.S. District Court for the Southern District of Iowa, making the same allegations and seeking the same relief as the instant action. Eurofins filed a motion to dismiss the federal action on March 19, 2019, for lack of diversity jurisdiction. Also on March 19, 2019, Eurofins filed a state complaint against the Olsons sounding in breach of contract in the Iowa District Court for Polk County. According to the parties, the state action in Iowa is pending. On April 3, 2019, the Olsons moved to dismiss the federal action and it was terminated on April 4, 2019, which is the same date the Olsons filed the instant action in Chester County, Pennsylvania. *See* Preliminary Objections, 5/22/2019, at Exs. B, C; Memorandum of Law in Response to Preliminary Objections, 6/17/2019, at Exs. 1, 3.

[2] Rule 1028(a)(1) provides as follows.

> (a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:
>
> > (1) lack of jurisdiction over the subject matter of the action or person of the defendant, improper venue or improper form or service of a writ of summons or a complaint[.]

Pa.R.C.P. 1028(a)(1). Further, "[o]f the three grounds available to challenge venue, only improper venue may be raised by preliminary objection as provided by Rule 1006(e)." *Id.* (Note). Rule 1006(e) provides as follows.

> Improper venue shall be raised by preliminary objection and if not so raised shall be waived. If a preliminary objection to venue is sustained and there is a county of proper venue within the State the action shall not be dismissed but shall be transferred

*(Footnote Continued Next Page)*

arguing, *inter alia*, that the complaint should be dismissed for improper venue.[3] It averred that the SPA included a forum selection clause, which stated that all litigation arising from the parties' agreement must be contested in the federal or state courts of Iowa.[4] On June 11, 2019, Eurofins

*(Footnote Continued)* ————————

> to the appropriate court of that county. The costs and fees for transfer and removal of the record shall be paid by the plaintiff.

Pa.R.C.P. 1006(e).

[3] Eurofins did not file a petition for a change of venue.

[4] The relevant portion of the SPA provides as follows.

**Section 9.4     Choice of Law; Venue and Forum**.

(a)     This Agreement shall be governed by and construed in accordance with the internal laws of the State of Iowa without giving effect to any choice or conflict of law provision or rule (whether of the State of Iowa or any other jurisdiction) that would cause the application of Laws of any jurisdiction other than those of the State.

(b)     ANY LEGAL SUIT, ACTION OR PROCEEDING ARISING OUT OF OR BASED UPON THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY MAY BE INSTITUTED IN THE FEDERAL COURTS OF THE UNITED STATES OF AMERICA OR THE COURTS OF THE STATE OF IOWA IN EACH CASE LOCATED IN POLK COUNTY, IOWA, AND EACH PARTY IRREVOCABLY SUBMITS TO THE EXCLUSIVE JURISDICTION OF SUCH COURTS IN ANY SUCH SUIT, ACTION OR PROCEEDING. SERVICE OF PROCESS, SUMMONS, OR NOTICE OR OTHER DOCUMENT BY MAIL TO SUCH PARTY'S ADDRESS SET FORTH HEREIN SHALL BE EFFECTIVE SERVICE OF PROCESS FOR ANY SUIT, ACTION OR OTHER PROCEEDING BROUGHT IN ANY SUCH COURT. THE PARTIES IRREVOCABLY AND UNCONDITIONALLY WAIVE ANY OBJECTION TO THE

*(Footnote Continued Next Page)*

timely filed its brief in support of preliminary objections, as set forth in Rule 1028(c) of the Chester County Rules of Civil Procedure.

Six days later, on June 17, 2019, before the Olsons had responded, the trial court sustained in part the preliminary objections on the basis of improper venue, and ordered the transfer of the action to the Iowa District Court for Polk County, Iowa. Order, 6/17/2019, at 1 .1. Two days later, on June 19, 2019, the Olsons filed a memorandum of law in opposition to the preliminary objections.[5] On June 24, 2019, the trial court issued an order, which treated the Olsons' June 19, 2019 filing as a motion for reconsideration and denied their purported motion, thereby affirming its prior June 17, 2019 order. Order, 6/24/2019. Also on June 24, 2019, Eurofins filed a reply brief in support of its preliminary objections. This timely filed appeal followed.[6]

*(Footnote Continued)* ─────────────────

> LAYING OF VENUE OF ANY SUIT, ACTION OR ANY PROCEEDING IN SUCH COURTS AND IRREVOCABLY WAIVE AND AGREE NOT TO PLEAD OR CLAIM IN ANY SUCH COURT THAT ANY SUCH SUIT, ACTION OR PROCEEDING BROUGHT IN ANY SUCH COURT HAS BEEN BROUGHT IN AN INCONVENIENT FORUM.

Preliminary Objections, 5/22/2019, at Ex. A (SPA, 6/23/2017, at ¶ 9.4).

[5] According to the parties, after the trial court's ruling, the Olsons sought and obtained permission of the trial court to file their response. ***See*** Olsons' Brief, at 25, 33; Eurofins' Brief at 8.

[6] Both the Olsons and the trial court complied with the mandates of Pa.R.A.P. 1925.

The Olsons present the following issues for our review.

1. The [trial c]ourt erred as a matter of law and abused its discretion by issuing its June 17, 2019 order granting Eurofins' preliminary objection of improper venue prior to the twenty (20) day response period ended [*sic*], as set forth in Chester County Court of Common Pleas Civil Rules, Rule 208.3(b).

2. The [trial c]ourt erred as a matter of law and abused its discretion by granting Eurofins' preliminary objection of improper venue, because the forum selection clause is invalid and unenforceable.

3. The [trial c]ourt erred as a matter of law and abused its discretion by granting Eurofins' preliminary objection of improper venue, because the venue is so inconvenient as to be oppressive and vexatious, thus denying the Olsons their opportunity to have their day in court.

Olsons' Brief at 7 (unnecessary capitalization omitted and party designations altered).

Our well-settled standard of review is as follows. "Generally, this Court reviews a trial court order sustaining preliminary objections based upon improper venue for an abuse of discretion or legal error." ***Lugo v. Farmers Pride, Inc.***, 967 A.2d 963, 970 (Pa. Super. 2009) (citations omitted).

The Olsons first complain that the trial court erred by ruling prematurely on Eurofins' preliminary objections, thereby causing their response to be treated as a motion for reconsideration, which "tainted" the trial court's evaluation and "ultimately hindered" its analysis. Olsons' Brief at 34; ***see also id.*** at 22. As a result, the Olsons argue that the trial court "missed or ignored entire sections" of their arguments set forth in, and the supporting evidence attached to, their response. ***Id.*** at 34. They contend

that the trial court failed to "properly take into consideration the evidence and caselaw" that supported their arguments that the forum selection clause is invalid and unenforceable, and that litigating outside of Chester County, Pennsylvania is so oppressive and vexatious that they are effectively denied their day in court. *Id.* at 23, 36. As evidence of the trial court's improper consideration of the Olsons' response, the Olsons point to the trial court's Rule 1925(a) opinion, which stated that the Olsons "have not responded to this objection to venue." *Id.* at 36, *quoting* Trial Court Opinion, 8/1/2019, at 5.

We begin our analysis by addressing the timing of the trial court's order sustaining in part the preliminary objections. C.C.R.C.P. 1028(c)[7] governs preliminary objections in Chester County and provides as follows.

> (1) Except for preliminary objections subject to subparagraph (2) below, a brief and praecipe for determination in the form described in C.C.R.C.P. 206.6 must be filed by the objecting party within twenty (20) days of the filing of the preliminary objections. Responsive briefs shall be filed within twenty (20) days of the filing of the praecipe for determination. The assigned judge may, at his or her discretion, extend the time for filing briefs. If the party filing the preliminary objections has failed to file a praecipe for determination within twenty (20) days of the filing of the preliminary objections, any other party may file a praecipe for determination to bring the objections before the court, in which event no brief shall be required to be filed with the praecipe. If the objecting party fails to file a brief as

---

[7] As noted by Eurofins in its brief, the Olsons cite C.C.R.C.P. Rule 208.3(b) for the 20-day timeframe, but that rule relates to motions, not preliminary objections. *See* Eurofins' Brief at 8; Olsons' Brief at 7, 19, 23; In any event, as discussed *infra*, the time to respond is indeed 20 days.

aforesaid, the court may dismiss the preliminary objection as abandoned. **If the objecting party does file a brief, all other parties may file briefs within twenty (20) days thereafter.**

(2) Where the preliminary objections properly assert facts not otherwise of record and the preliminary objections have been endorsed with a notice to plead, no praecipe for determination nor brief shall be required until the matter is ready to be submitted to the court, either upon the basis of the preliminary objections alone, if no answer has been filed, or upon the basis of the preliminary objections and answers thereto, or after a record has been developed pursuant to Pa.R.C.P. 1028(c)(2). If an answer is filed and any party wishes to develop a record on any disputed issues of material fact, depositions shall be completed within forty-five (45) days of the date of service of the answer to the preliminary objection. The time limit for the taking of the depositions may be shortened or extended by agreement of the parties or by the Court.

C.C.R.C.P. 1028(c) (emphasis added); *see also* C.C.R.C.P. 206.4(c)(3) (relating to admissions and providing an answer to preliminary objections shall be filed on the date on which answer is due under Pennsylvania Rules of Civil Procedure); Pa.R.C.P. 1026(a) (providing 20-day timeframe for filing an answer).

Eurofins admits, and there can be no dispute, that the trial court ruled on the preliminary objections before the Olsons filed their response, and before the 20-day period for them to respond had lapsed. *See* Eurofins' Brief at 5-6, 8-10. Pursuant to the aforementioned rules, the Olsons had 20 days from the filing of Eurofins' brief in support of preliminary objections, or until July 1, 2019, to file their response. They timely filed their response on June 19, 2019, but as noted *supra*, the trial court had already filed its order

sustaining the preliminary objections two days prior, on June 17, 2019. In its

Rule 1925(a) opinion, the trial court explained as follows.

> **Here, [the Olsons] have not responded to this objection to venue.** As a result, there has been no allegation that the inclusion of the forum selection clause was induced by fraud or overreaching, no claim that the clause is so unfair or inconvenient that is [*sic*] has deprived [the Olsons] of their opportunity to be heard, or an argument that the clause violates public policy.

Trial Court Opinion, 8/1/2019, at 5 (emphasis added). The court went on to

explain that

> [i]n short, [the Olsons] appeal, claiming they did not have enough time to file a brief raising issues over the forum selection clause. The [Olsons] seek to violate the parole [*sic*] evidence rule. It matters not what the [Olsons] thought or believed about the forum selection clause. [The Olsons] acknowledge that Iowa is the agreed forum. Iowa is the forum they agreed to with [Eurofins].

*Id.* at 6. Finally, in addressing the ability to conduct remotely court

proceedings in Iowa, the trial court stated it found "it hard to believe that

**even if the [Olsons] had filed a meaningful reply** that they would have

addressed the technology of the day," and that "the delay sought by [the

Olsons] to file yet another brief on a well-settled issue of law does not …

create reversible error, but rather raises yet another delay to the eventual

resolution of the case." *Id.* (emphasis added).

Based on the foregoing, we agree with the Olsons that the trial court failed to consider their response to the preliminary objections.[8] The trial court plainly stated in its Rule 1925(a) opinion that the Olsons did not respond to Eurofins' improper venue objection when the record clearly shows they did. Further, contrary to the trial court's Rule 1925(a) opinion and as discussed *infra*, the Olsons did in fact respond with allegations of fraud, overreaching, unfairness, inconvenience, and violation of public policy.

Eurofins argues that, even though the trial court sustained prematurely its preliminary objections without giving the Olsons sufficient time to respond, the error was harmless. Eurofins' Brief at 6, 8-10. They contend that this Court may "affirm a lower court's decision regardless of any legal error, as long as there was a legal basis for that decision raised in the lower court." ***Id.*** at 9. According to Eurofins, the forum selection clause in the SPA is binding and enforceable, and therefore we may affirm the trial court's grant of preliminary objections based on improper venue. ***Id.*** at 10.

However, while a challenge to improper venue may be made by filing preliminary objections, if an issue of fact is raised by the preliminary objections, the court shall take evidence on disputed facts. Pa.R.C.P.

---

[8] Further, it does not appear the trial court considered Eurofins' June 24, 2019 reply brief in support of its preliminary objections. The timestamp on the trial court's June 24, 2019 order, which affirmed its June 17, 2019 order sustaining the preliminary objection to venue, shows the order was filed at 3:59 p.m., while Eurofins' reply brief was filed at 4:09 p.m. that day.

1028(c)(2) ("The court shall determine promptly all preliminary objections. If an issue of fact is raised, the court shall consider evidence by depositions or otherwise."); ***see also*** C.C.R.C.P. 1028(c)(2) (same). "In such a situation the court may not reach a determination based on its view of controverted facts, but must resolve the dispute by receiving evidence thereon through interrogatories, depositions or an evidentiary hearing." ***Delaware Valley Underwriting Agency, Inc. v. Williams & Sapp, Inc.***, 518 A.2d 1280, 1283 (Pa. Super. 1986) (citations and internal quotation marks omitted) (collecting cases); ***see also*** Pa.R.C.P. 1028(c)(2), Note ("Preliminary objections raising an issue under subdivision (a)(1) [(lack of subject matter or personal jurisdiction, improper venue, or improper form or service)] … cannot be determined from facts of record."). "The failure of the parties to provide the evidence necessary for a proper determin[a]tion of the issue does not excuse the court from further inquiry. Thus, it [is] incumbent on the court below to take evidence to resolve the dispute." ***Delaware Valley***, 518 A.2d at 1283 (citations omitted). The moving party bears the burden of supporting its objections. ***Id.*** (citations omitted).

In its preliminary objection to improper venue and brief in support thereof, Eurofins argued that the forum selection clause under the SPA is presumptively valid and enforceable, and thus the proper venue is in Iowa, not Pennsylvania. Preliminary Objections, 5/22/2019, at 5; Brief in Support of Preliminary Objections, 6/11/2019, at 6, *citing* ***Patriot Commercial***

*Leasing Co. v. Kremer Rest. Enterprises, LLC*, 915 A.2d 647, 651 (Pa. Super. 2006).

In response, the Olsons contended that a sworn declaration of a representative of Eurofins acknowledged that Eurofins' principal place of business is in Lancaster, Pennsylvania, and attached his declaration thereto. Memorandum of Law in Opposition to Preliminary Objections, 6/19/2019, at 5, Ex. 2. The Olsons further claimed deception by Eurofins relating to the forum selection clause and its nexus to Iowa. *Id.* at 5. They argued the forum selection clause was "invalid or unenforceable because it was procured under false pretenses" and that venue in Chester County, Pennsylvania was proper because all the parties and witnesses are located in Pennsylvania, and the Olsons suffered harm in and reside in Chester County. *Id.* at 9. The Olsons pointed to section 9.8 of the SPA to permit severability of provisions of the agreement, thereby allowing the forum selection clause to be held invalid or unenforceable without affecting the validity of its remaining provisions.

In addition, the Olsons responded to Eurofins' argument that the forum selection clause is presumptively valid by arguing that such a clause is unenforceable when "'1) the clause itself was induced by fraud or overreaching; 2) the forum selected in the clause is so unfair or inconvenient that a party, for all practical purposes, will be deprived of an opportunity to be heard; or 3) the clause is found to violate public policy.'" *Id.* at 14,

*quoting Patriot Commercial*, 915 A.2d at 651. The Olsons claimed the forum selection clause lacked a meeting of the minds to form a valid contract, and that they could rebut the *Patriot Commercial* presumption under both the first and second tests. Memorandum of Law in Opposition to Preliminary Objections, 6/19/2019, at 14-19. Specifically, they maintained that Eurofins fraudulently and intentionally misrepresented a material fact of the corporate entity's location "by obfuscating the real corporate entity who was in charge of negotiations and whom agents of Eurofins were actually representing the contract negotiations." *Id.* at 18. Further, citing *Morgan Trailer Manufacturing Co. v. Hydraroll Ltd.*, 759 A.2d 926 (Pa. Super. 2000), where this Court refused to uphold a forum selection clause that would "seriously impair" a party's participation in the litigation due to an "extreme distance of the forum," the Olsons argued that the distance between southeastern Pennsylvania and central Iowa is extreme for them because they are in their eighties, and have health concerns and travel restrictions. Memorandum of Law in Opposition to Preliminary Objections, 6/19/2019, at 19.

Finally, the Olsons raised an argument of *forum non conveniens* in their memorandum of law in opposition to the preliminary objections, arguing that requiring them to proceed with litigation in Iowa is vexatious, oppressive, and against public policy. *Id.* at 20-24. Specifically, they claimed that "Pennsylvania is the only appropriate venue for this litigation, given

their advanced age[s,] the difficulty of traveling for them, the location of witnesses and evidence, and that [Eurofins] submitted a Declaration by [a representative of Eurofins] which admitted that [Eurofins'] Pennsylvania office was the critical party in this litigation." *Id.* at 22. Noting that the two counties are over 1,000 miles apart and Eurofins' lack of nexus to Iowa, the Olsons maintained that Eurofins was attempting to enforce the forum selection clause in an attempt to "vex" the Olsons. *Id.* at 23. Lastly, they contended that the clause is unenforceable because, for the aforesaid reasons, it is "unreasonable **at the time of litigation**." *Id.* at 23 (emphasis in original) (citing *Midwest Fin. Acceptance Corp. v. Lopez*, 78 A.3d 614, 628 (Pa. Super. 2013)). The Olsons attached affidavits and other evidence in support of their memorandum of law in opposition to preliminary objections.

In their reply brief in support of its preliminary objections, Eurofins addressed the Olsons' claims as to venue, explained Eurofins' nexus to Iowa, contested the Olsons' claims of health concerns and travel restrictions, noted the Olsons' vacation home in Minnesota, and attached affidavits and other evidence thereto. Eurofins' Reply Brief in Support of Preliminary Objections, 6/24/2019, at 1-4.

Instantly, the trial court did not order any depositions or interrogatories. It is clear from the trial court's opinion that its June 17, 2019 order was based solely upon Eurofins' view of controverted facts stated in its preliminary objections and without consideration of the Olsons' view of

those facts. Before any factual determination was made as to venue, however, the trial court was required to order the taking of evidence pursuant to Pa.R.C.P. 1028(c)(2) and C.C.R.C.P. 1028(c)(2). ***See Hamre v. Resnick***, 486 A.2d 510, 511 (Pa. Super. 1984) (vacating order sustaining preliminary objections based on improper venue and remanding for "evidence [to] be taken in this case either by depositions or otherwise in order to provide the lower court with a basis upon which to rest a decision on venue, and to afford [the appellate court] a background from which to conduct [its] review of such a decision"); ***Delaware Valley***, 518 A.2d at 1283 (vacating and remanding for parties to present evidence to allow a determination of factual issues raised by preliminary objections for lack of personal jurisdiction); ***Luria v. Luria***, 286 A.2d 922, 923 (Pa. Super. 1971) (holding trial court's taking of evidence pursuant to Pa.R.C.P. 1028(c)(2) was required before ruling on preliminary objection to jurisdiction, and remanding for factual findings by the trial court). Thus, "a remand is necessary to allow the parties a reasonable period of time within which to present evidence by deposition, interrogatories or otherwise which will allow a determination of the factual issues raised by the preliminary objections." ***Delaware Valley***, 518 A.2d at 1283 (citation omitted).

In conclusion, the trial court erred by failing to consider the Olsons' claims relating to venue in their response to preliminary objections, and failing to conduct fact-finding pursuant to Pa.R.C.P. 1028(c)(2) and

C.C.R.C.P. 1028(c)(2), before ruling on the preliminary objection to venue to determine the validity and enforceability of the forum selection clause of the SPA.[9], [10] We therefore vacate the trial court's order and remand for proceedings consistent with this memorandum.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/20

_____

[9] As Eurofins points out, the trial court further erred in ordering the transfer of the action to a court outside of this Commonwealth, rather than dismissing the action. Pa.R.C.P. 1006(e) ("If a preliminary objection to venue is sustained and there is a county of proper venue within the State the action shall not be dismissed but shall be transferred to the appropriate court of that county.); *see* Eurofins' Brief at 5, n.1. However, due to our disposition, this error is moot.

[10] In light of our disposition, we need not address the Olsons' remaining issues.